ROCKFORD, ROCK ISLAND AND ST. LOUIS R. R. Co.

*v.*

JOHN DELANEY, Admr. etc.

1. MEASURE OF DAMAGES—*for causing death by negligence.* In a suit by the administrator of a boy nine years of age, against a railroad company, for negligently causing the death of the intestate, it is proper for the jury, in estimating the damages, if the next of kin is the father of the boy, to take into consideration the value of the services of deceased, from the time of his death until he would have attained the age of twenty-one years, deducting what it would be worth to feed and clothe him during that time.

2. NEGLIGENCE—*relative degrees of, matter of comparison.* In a suit by an administrator against a railroad company for causing the death of his intestate by negligence, the rule is, that the relative degrees of negligence of the defendant and intestate is matter of comparison, and that the plaintiff may recover although his intestate was guilty of contributory negligence, provided the negligence of the intestate was slight and that of the defendant gross, in comparison with each other; but if the intestate's negligence was not slight, and that of the defendant was gross, in comparison with each other, there can be no recovery.

3. SAME—*age of deceased to ·be considered.* In a suit against a railroad company for causing the death of a person, the age of the deceased should be taken into consideration in passing upon the question of contributory negligence, and if the deceased was a child, it should be held responsible for the exercise only of such measure of capacity and discretion as, from its age and experience, it may be found to possess.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. B. C. COOK, for the appellant.

Mr. WILLIAM G. KASE, and Mr. WILLIAM H. BENNETT, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The plaintiff's intestate, a lad of nine years of age, was killed at a street crossing in East St. Louis, by a train of cars. On the trial in the court below, controversy existed whether the train by which the intestate was killed was, at the time, under

the control of appellant or of that of The St. Louis and India-napolis Railroad Company, which was impleaded with appellant; but, since the finding of the jury on this point was not pressed in argument as ground of reversal, it will be unnecessary to refer to the evidence bearing upon it.

The court, at the instance of the plaintiff, instructed the jury, "that, as to the question of damages, they should take into consideration the value of the services of the deceased, from the time of his death until he would have been twenty-one years of age, deducting therefrom what it would be worth to feed and clothe him during that time, as proved."

The objection taken to the instruction, by appellant, is, that it does not lay down the correct measure of damages, because the damages contemplated by the statute under which the suit is brought, are the pecuniary loss which results to the next of kin, for the reason that they are next of kin to the intestate, and not the damages which result to the father from the loss of the services of his son.

We can not regard this as an open question. In *The City of Chicago* v. *Scholten*, 75 Ill. 468, we said: "Where the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him, proof of such relationship would warrant a recovery of nominal damages only; but where the deceased is a minor, and leaves a father entitled to his services, the law presumes there has been a pecuniary loss, for which compensation under the statute may be given. In such cases, the pecuniary loss may be estimated from the facts proven, in connection with the knowledge and experience possessed by all persons in relation to matters of common observation. No doubt the damages could be greatly enhanced by proof of the personal characteristics of the deceased. Evidence of his mental and physical capacity to be of service to his father in his business, his habits of industry and sobriety, where the deceased is old enough to have established a character, are all elements to be considered in assessing the pecuniary loss sustained."

And in *Conant et al.* v. *Griffin, Admr. etc.* 48 Ill. 410, it

was held that the question of who, as between several persons claiming to be next of kin, is so in fact, and, therefore, entitled to the benefit of the judgment, when recovered, is to be settled by the court of probate; and it follows, that court must also determine the amount to which each of the next of kin, when ascertained, is entitled.

There was evidence tending to show negligence on the part of the defendant, and, also, on the part of the intestate. As to the preponderance of this evidence, it is unnecessary that we should, in the view we take of the case, express any opinion.

The court, among other things, instructed the jury, that " the defendant, in order to free itself from liability, must discharge every duty imposed upon it by law; and if the jury believe, from the evidence, that the defendant did not use all reasonable and lawful means and care to prevent the injury complained of them, then such omission, if it contributed to bring about such injury more than any negligence of deceased, renders the defendant liable, and they are bound to find for the plaintiff."

Waiving the obviously objectionable feature in this instruction, that it is not limited to the duties which the defendant is charged in the declaration with having violated, it is inaccurate as a statement of the law of contributory negligence, as recognized by this court, and was calculated to and, may have misled the jury, and materially influenced them in the formation of the verdict which they returned. Other instructions, given at the instance of the plaintiff, likewise contain the same objectionable feature.

The rule of this court is, that the relative degrees of negligence, in cases of this kind, is matter of comparison, and that the plaintiff may recover although his intestate was guilty of contributory negligence, provided the negligence of the intestate was slight and that of the defendant gross, in comparison with each other; and, consequently, if the intestate's negligence was not slight, and that of the defendant gross, in comparison with each other, there can be no recovery. *Illinois Central Railroad Co.* v. *Benton,* 69 Ill. 174; *Chicago and*

*Alton Railroad* v. *Pondrom*, 51 Ill. 333; *Chicago, Burling-ton and Quincy Railroad Co.* v. *Dunn*, 52 Ill. 452; *Illinois Central Railroad Co.* v. *Baches, Admr.* 55 Ill. 379; *Illinois Central Railroad Co.* v. *Maffit*, 67 Ill. 431.

Of course, the age of the intestate is a proper element to be taken into consideration in the determination of this question; and, as was said in *Chicago and Alton Railroad Co.* v. *Becker, Admr.* 76 Ill. 32: " If the child, from its age and experience, be found to have capacity and discretion to observe and avoid danger, it should be held responsible for the exercise of such measure of capacity and discretion as it possesses. The question is similar, and to be determined by the jury in the same way, from facts and circumstances in evidence, as where the capability of an infant, under the age of fourteen years, to commit crime, is involved in a criminal prosecution at common law, against such infant."

For the error indicated in the instruction, the judgment is reversed and the cause remanded.

*Judgment reversed.*