[No. 14842. Department Two. — August 5, 1892.]

## FLORA MORGAN, RESPONDENT, v. THE SOUTHERN PACIFIC COMPANY, APPELLANT.

NEGLIGENCE — EXCESSIVE DAMAGES — NEW TRIAL. — Where the amount of damages given in an action for damages for negligence are obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury, the verdict will be set aside as excessive.

ID. — ACTION FOR DEATH — MEASURE OF DAMAGES — PECUNIARY LOSS — SORROW AND MENTAL ANGUISH — LOSS OF SOCIETY. — In an action to recover damages for the death of a relative, caused by negligence, the plaintiff does not represent the right of action which the deceased would have had if the latter had survived the injury, but can recover only for the pecuniary loss suffered by the plaintiff on account of the death of the relative. Sorrow and mental anguish caused by the death are not elements of damage in such a case, and nothing can be recovered as a *solatium* for wounded feelings; and the loss of society can only be considered for the purpose of estimating the pecuniary loss.

ID. — DEATH OF MINOR CHILD — ACTION BY MOTHER — EXCESSIVE DAMAGES — PLEADING — PROOF. — A verdict for twenty thousand dollars for the death of an infant child, given in an action by the mother to recover damages for its death, alleged to have been caused by the negligence of the defendant, will be set aside as excessive, especially where there was no averment in the complaint of any special damage, and there was no evidence whatever introduced or offered upon the subject of damage.

ID. — VALUE OF SERVICES — PECUNIARY INJURY TO PARENT. — In an action by a parent to recover damages for the death of a minor child, caused by the negligence of the defendant, the main element of damage is the probable value of the services of the deceased until its majority, considering the cost of its support and maintenance during the early and helpless part of its life; and a charge to the jury that they were not limited by the actual pecuniary injury sustained by the parent by reason of the death of the child is error.

ID. — PLEADING — LOSS OF SERVICES — SPECIAL DAMAGE. — The loss of the services of the deceased child is not special damage necessary to be averred, but is a natural and necessary sequence of the death.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*E. L. Craig, Foshay Walker, Horace Hawes,* and *R. B. Carpenter,* for Appellant.

No damages in this state can be sustained on the ground that they are exemplary, as there must be op-

pression, fraud, or malice in order to warrant them. (*Yerian* v. *Linkletter*, 80 Cal. 135; *R'y Co.* v. *Freeman*, 36 Ark. 41.) In ascertaining the damages which are recoverable in such cases as this, pecuniary damage alone is taken into account, and there can be no *solatium* for wounded feelings or loss of comfort and companionship. (*Blake* v. *Midland R'y Co.*, 18 Ad. & E., N. S., 93; *Pennsylvania Co.* v. *Lilly*, 4 Am. & Eng. R. R. Cas. 540; 73 Ind. 252; *R'y Co.* v. *Freeman*, 36 Ark. 41; *R'y Co.* v. *Brown*, 26 Kan. 443; 40 Am. Rep. 320; *Iron Co.* v. *Rupp*, 100 Pa. St. 95; *Porter* v. *R'y Co.*, 2 Am. & Eng. R. R. Cas. 44; 71 Mo. 83; 36 Am. Rep. 454; *R'y Co.* v. *Sykes*, 2 Am. & Eng. R. R. Cas. 254; *Webb* v. *R'y Co.*, 24 Pac. Rep. 616; *Chicago* v. *Major*, 18 Ill. 349; 68 Am. Dec. 553; *Chicago* v. *Scholten*, 75 Ill. 468; *Chicago* v. *Harwood*, 88 Ill. 88; *R'y Co.* v. *McCloskey's Adm'r*, 23 Pa. St. 256; 62 Am. Dec. 332; *R'y Co.* v. *Decker*, 84 Pa. St. 419; *R'y Co.* v. *Miller*, 2 Col. 442; *R'y Co.* v. *Paulk*, 24 Ga. 356; *Barley* v. *R'y Co.*, 4 Biss. 430; *Kesler* v. *Smith*, 66 N. C. 154; *Green* v. *R'y Co.*, 32 Barb. 25; *Paulmier* v. *R'y Co.*, 34 N. J. L. 151; *Donaldson* v. *R'y Co.*, 18 Iowa, 280; 87 Am. Dec. 391; *Long* v. *Morrison*, 14 Ind. 595; 77 Am. Dec. 72; *March* v. *Walker*, 48 Tex. 372; *R'y Co.* v. *Levy*, 59 Tex. 563; 46 Am. Rep. 278; *R'y Co.* v. *Packer*, 9 Bush, 455; 15 Am. Rep. 725; *James* v. *Christy*, 18 Mo. 162; *Hyatt* v. *Adams*, 16 Mich. 180.) For the death of a child, parents are only entitled to the value of his services during his minority, less the cost of raising the child. (*Caldwell* v. *Brown*, 53 Pa. St. 452; *State* v. *R. R. Co.*, 24 Md. 117; *R'y Co.* v. *Kelly*, 31 Pa. St. 370; 72 Am. Dec. 747; *Telfer* v. *R'y Co.*, 30 N. J. L. 198; *Walters* v. *R'y Co.*, 36 Iowa, 458; *R'y Co.* v. *Delany*, 82 Ill. 198; *McGovern* v. *R'y Co.*, 67 N. Y. 417.) And in determining the value of these services, the occupation and condition in life of the plaintiff may be taken into account. (*Ewen* v. *R'y Co.*, 38 Wis. 613; *Barley* v. *R'y Co.*, 4 Biss. 430; *Chicago* v. *Powers*, 42 Ill. 169; 89 Am. Dec. 418.) The jury cannot take into account the opportunities of acquiring wealth or fortune by change of circumstances of life. (*Mans-*

*field Coal and Coke Co.* v. *McEnery,* 8 Week. Not. Cas. 83.) The damage in all cases must be compensatory, and not exemplary. (*Munro* v. *Dredging Co.,* 84 Cal. 515; 18 Am. St. Rep. 248; *Conant* v. *Griffin,* 48 Ill. 410; *R'y Co.* v. *Henderson,* 51 Pa. St. 315; *R'y Co.* v. *Kelly,* 24 Md. 271; *R'y Co.* v. *Rowan,* 66 Pa. St. 393.) No damages having been proven, none should have been found. The principle by which damages are assessed is pecuniary compensation, and not *solatium.* No compensation can be given for wounded feelings, mental or physical pain, or the loss of comfort or companionship of a relative. (*Blake* v. *R'y Co.,* 18 Q. B. 93; *Burke* v. *R'y Co.,* 10 Cent. L. J. 48; *State* v. *R'y Co.,* 24 Md. 84; 87 Am. Dec. 600; *Porter* v. *R'y Co.,* 71 Mo. 66; 36 Am. Rep. 454; *Rains* v. *R'y Co.,* 71 Mo. 164; 36 Am. Rep. 459.) Such being the case, the recovery in this case is limited to actual damage, and none having been either alleged or proved, none can be recovered. (2 Thompson on Negligence, 1293; *Brown* v. *Emerson,* 18 Mo. 103; *Owen* v. *O'Reilly,* 20 Mo. 603.) In the case of an infant child, only physician's bill and funeral expenses, if alleged or proved, can be recovered. (*Pack* v. *Mayor,* 3 N. Y. 489.) As the damages should be confined to compensation for the pecuniary loss, it is erroneous to .leave the question of the amount to the uncontrolled discretion of the jury. (Sedgwick on Damages, 6th ed., 698, note; *R'y Co.* v. *Vandever,* 36 Pa. St. 298; *R'y Co.* v. *Ogier,* 35 Pa. St. 60; 78 Am. Dec. 322; Field on Damages, 498.) Plaintiff cannot recover smart-money. (*Moody* v. *McDonald,* 4 Cal. 299; *Wardrobe* v. *Cal. Stage Co.,* 7 Cal. 120; 68 Am. Dec. 231.) Where the amount of the verdict is so large as to induce a reasonable person, upon hearing the circumstances, to declare it outrageously excessive, or suggests, at first blush, passion, prejudice, or corruption on the part of the jury, the verdict will be set aside. (*Aldrich* v. *Palmer,* 24 Cal. 515; *Tarbell* v. *Cent. P. R. R. Co.,* 34 Cal. 623; *Kinsey* v. *Wallace,* 36 Cal. 480, 481; *Wheaton* v. *R'y Co.,* 36 Cal. 591.) When it is clear that the verdict is so dispro-

portionate to the injury produced as to show that the
jury must have acted under passion or prejudice, the
verdict will be set aside. (*Russell* v. *Dennison*, 45 Cal.
337; 50 Cal. 243.) If plain that the jury adopted a rule
of compensation not warranted by the evidence, the ver-
dict will be set aside. (*Karr* v. *Parks*, 44 Cal. 50.) A
verdict greatly disproportionate to the actual damage
shown by the facts of the case is of itself sufficient evi-
dence that it was rendered under the influence of pas-
sion or prejudice. (*Kinsey* v. *Wallace*, 36 Cal. 481;
*McCarty* v. *Fremont*, 23 Cal. 198; 83 Am. Dec. 96.) In the
following cases verdicts were set aside as excessive: $3,262,
eye of child disfigured and destroyed (*Karr* v. *Parks*, 44
Cal. 47); $7,500, malicious prosecution; reduced to $1,000
(*Phelps* v. *Cogswell*, 70 Cal. 203); $1,800, death of girl five
years old (*R'y Co.* v. *Lilly*, 73 Ind. 252); $4,000, death
of unmarried man (*Carpenter* v. *R'y Co.*, 38 Hun, 116);
$10,000, death of son (*R'y Co.* v. *Brown*, 26 Kan. 443; 40
Am. Rep. 320); $4,500, death of child five years old
(*R'y Co.* v. *Barker*, 33 Ark. 350; 34 Am. Rep. 44); $3,000,
death of girl ten years old (*Potter* v. *R'y Co.*, 21 Wis. 372;
94 Am. Dec. 548); $10,000, death of man twenty-seven
years old (*Vaughn* v. *R'y Co.*, 83 Cal. 19, 22). (See, gen-
erally, as to excessive verdict cases, 3 Lawson's Rights,
Remedies, and Practice, sec. 1222.) Juries are not war-
ranted in finding verdicts for sums disproportionate to
or in excess of the probable pecuniary loss of the parent
occasioned by the death of a child. Reasonable pecuni-
ary damages only, in view of all the circumstances in
evidence, should be awarded, and nothing by way of
*solatium.* (*R'y Co.* v. *Barstow*, 54 Pa. St. 496; *R'y Co.*
v. *Barker*, 33 Ark. 361; 34 Am. Rep. 44.) There must
be no verdict so large that the interest upon it would
exceed all the probable earnings of the deceased during
minority (or even during the whole life), and is mani-
festly greater than the pecuniary loss could possibly be,
especially when it appears that deceased was without
property, or it does not appear that she had any, and
no reasonable expectations of accumulating any. (Cooley

on Torts, 274; *R'y Co.* v. *Bayfield*, 37 Mich. 205; *Rose* v. *R'y Co.*, 39 Iowa, 254.) The evidence in this case is wholly insufficient to authorize any finding of liability on the part of the defendant for the death of the child in question, even though plaintiff had averred or proved any damages. The following authorities fully sustain the proposition that plaintiff's actions, under all the circumstances, constitute contributory negligence in law: *Glascock* v. *Cent. P. R. R. Co.*, 73 Cal. 141; *Secor* v. *R'y Co.*, 10 Fed. Rep. 15; *Jewell* v. *R'y Co.*, 54 Wis. 610; 41 Am. Rep. 63; *R'y Co.* v. *Hoosey*, 99 Pa. St. 492; 44 Am. Rep. 120; *R'y Co.* v. *Hayes*, 97 N. Y. 259; *Adams* v. *R'y Co.*, 82 Ky. 603; *R'y Co.* v. *Schaufler*, 75 Ala. 136; *Lindsay* v. *R'y Co.*, 64 Iowa, 407; *Burrows* v. *R'y Co.*, 63 N. Y. 556; *Hunter* v. *R'y Co.*, 112 N. Y. 371; 8 Am. St. Rep. 752; *Paulitsch* v. *R'y Co.*, 102 N. Y. 280; *R'y Co.* v. *Wallen*, 65 Tex. 568; *Whelan* v. *R'y Co.*, 84 Ga. 506; *Walker* v. *R'y Co.*, 41 La. Ann. 795; 17 Am. St. Rep. 417; *Dwyer* v. *R'y Co.*, 28 Am. & Eng. R. R. Cas. 155; *Vimont* v. *R'y Co.*, 71 Iowa, 58; *R'y Co.* v. *Bangs*, 47 Mich. 470; *Raben* v. *R'y Co.*, 73 Iowa, 579; 5 Am. St. Rep. 708; *R'y Co.* v. *Felton*, 125 Ill. 458; *R'y Co.* v. *Euches*, 127 Pa. St. 316; 14 Am. St. Rep. 848; *R'y Co.* v. *Carper*, 112 Ind. 26; 2 Am. St. Rep. 144; *R'y Co.* v. *Letcher*, 69 Ala. 106; 44 Am. Rep. 505.

*Charles G. Lamberson, J. W. Ahern,* and *Lamberson & Taylor,* for Respondent.

Appellant claims that the complaint in this action does not state facts sufficient to constitute a cause of action, because no special damages are alleged; but so far as our examination of the matter goes, such position is directly opposed to all authority in existence. (1 Estee's Pleading, secs. 1841, 1851; *Gay* v. *Winter*, 34 Cal. 153; 1 Sutherland on Damages, 763; Code Civ. Proc., secs. 376, 377.) It is contended on the part of appellant that the damages given in this case are excessive. The statute provides that in such cases as this such damages may be given as under all the circumstances of the case may be just, and

in every instance we have been able to find in this state the court has sustained that view of the case, and permitted the verdict of the jury to stand. (*Beeson* v. *G. M. Co.*, 57 Cal. 20; *Cook* v. *R. R. Co.*, 60 Cal. 604; *Nehrbas* v. *C. P. R. R. Co.*, 62 Cal. 320; *McKeever* v. *Market St. R. R. Co.*, 59 Cal. 294.) The jury were not limited to the actual pecuniary injury sustained by the plaintiff, in estimating the damages. (*Nehrbas* v. *C. P. R. R. Co.*, 62 Cal. 320; *Cleary* v. *City R. R. Co.*, 76 Cal. 240; *Munro* v. *Dredging Co.*, 84 Cal. 515; 18 Am. St. Rep. 248.)

McFarland, J. — The parties to this action are the same as in *Morgan* v. *Southern Pacific Company*, *ante*, p. 501, this day decided, in which plaintiff recovered a judgment for fifteen thousand dollars for alleged personal injuries received by being thrown from the steps of defendant's car, which judgment was by this court affirmed. When she fell from the steps of the car she had in her arms her infant daughter, aged about two years; nine days afterwards the child died from an attack of pneumonia; and plaintiff brought this present action to recover damages for the death of said child, upon the theory that the pneumonia was caused by said fall. The jury gave her damages in the amount of twenty thousand dollars, for which sum judgment was rendered; and defendant appeals from the judgment, and from an order denying a motion for a new trial.

The evidence upon the issues of the alleged negligence of defendant's employees at the time of the accident, and the alleged contributory negligence of plaintiff, was substantially the same as in the other case; and as to those issues the verdict cannot be disturbed. There was some evidence tending slightly to show that the death of the child was caused by the accident, but it is not necessary to inquire whether or not it was sufficient to establish that fact, because the judgment must clearly be reversed on account of the excessive damages awarded by the the jury.

There was no averment in the complaint of any

special damage, and no averment of any damage at all, except the general statement that the child died, "to the damage of plaintiff in the sum of fifty thousand dollars"; and there was no evidence whatever introduced or offered upon the subject of damage. The jury therefore had nothing before them upon which to base damages, except the naked fact of the death of a female child two years old; and it is apparent at first blush that "the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury."

The main element of damage to plaintiff was the probable value of the services of the deceased until she had attained her majority, considering the cost of her support and maintenance during the early and helpless part of her life. We think that the court erred in charging that "the jury is not limited by the actual pecuniary injury sustained by her by reason of the death of her child." An action to recover damages for the death of a relative was not known to the common law; it is of recent legislative origin. There are statutes in many of the American states providing for such an action, and it has been quite uniformly held that in such an action the plaintiff does not represent the right of action which the deceased would have had if the latter had survived the injury, but can recover only for the pecuniary loss suffered by the plaintiff on account of the death of the relative; that sorrow and mental anguish caused by the death are not elements of damage; and that nothing can be recovered as a *solatium* for wounded feelings. The authorities outside of this state are almost unanimous to the point above stated. The following are a few of such authorities: *R. R. Co.* v. *Vandever*, 36 Pa. St. 298; *Iron Co.* v. *Rupp*, 100 Pa. St. 95; *R. R. Co.* v. *Freeman*, 36 Ark. 41; *R. R. Co.* v. *Brown*, 26 Kan. 443; 40 Am. Rep. 320; *Penn. Co.* v. *Lilly*, 73 Ind. 252; *Donaldson* v. *R. R. Co.*, 18 Iowa, 280; 87 Am. Dec. 391; *R. R. Co.* v. *Paulk*, 24 Ga. 356; *R. R. Co.* v. *Miller*, 2 Col. 466; *Kesler* v.

*Smith,* 66 N. C. 154; *March* v. *Walker,* 48 Tex. 372; *R. R. Co.* v. *Levey,* 59 Tex. 563; 46 Am. Rep. 278; *James* v. *Christy,* 18 Mo. 162; *Hyatt* v. *Adams,* 16 Mich. 180; *Chicago* v. *Major,* 18 Ill. 349; 68 Am. Dec. 553; *R. R. Co.* v. *Delaney,* 82 Ill. 198; 25 Am. Rep. 308; *Blake* v. *Midland R. R. Co.,* 18 Q. B. 93.

With respect to the decisions in this state, we do not think those cited by respondent (except one) are, when closely examined, inconsistent with the general authorities. *Beeson* v. *G. M. G. M. Co.,* 57 Cal. 20, is a leading case on the subject, and is cited by all the cases which follow it. In that case the action was brought by the widow for the death of her husband, and the question was, whether or not the lower court erred in allowing evidence of the kindly relations between the plaintiff and the deceased during the lifetime of the latter. The court sustained the ruling of the court below, but clearly upon the ground that those relations could be considered only in estimating the pecuniary loss. The court say: "It is true that in one sense the value of social relations and of society cannot be measured by any pecuniary standard; . . . . but in another sense, it *might* be not only possible, but eminently fitting, that a loss from severing social relations, or from deprivation of society, might be measured, or at least considered, from a pecuniary standpoint. . . . . If a husband and wife were living apart by mutual consent, neither rendering the other assistance or kindly offices, the jury might take into consideration the absence of social relations and the absence of society in estimating the loss sustained by either from the death of the other. So if the husband and wife had lived together in concord, each rendering kindly offices to the other, such facts might be taken into consideration, not, as the books say, for the purpose of affording *solace* in money, but for the purpose of estimating *pecuniary* losses. The loss of a kind husband may be a considerable pecuniary loss to a wife; she loses his advice and assistance in many matters of domestic economy." A quotation is made from a Pennsylvania case, where the same rule was applied to the loss

of a wife, the court saying that " certainly the service of a wife is *pecuniarily* more valuable than that of a mere hireling." The Beeson case, therefore, does not decide that the jury may depart from a pecuniaay standpoint in assessing damages; it merely holds that in estimating the pecuniary losses of a wife from the death of her husband, they may consider whether or not the deceased was a good husband, able and willing to provide well for his wife. The opinion of the court no doubt goes somewhat further in this direction than the general current of authorities, but it decides nothing more than above stated.

*Cook* v. *Clay Street Hill R. R. Co.*, 60 Cal. 604, also cited by respondent, decides nothing more than the Beeson case.

In *McKeever* v. *Market Street R. R. Co.*, 62 Cal. 320, the point was not involved; and in *Nehrbas* v. *C. P. R. R. Co.*, 62 Cal. 320, the point does not appear in any way to have been involved, and the *dictum* at the close of the opinion, as it refers to the Beeson case, must be held as only intended to go to the length of the latter case.

It is true, however, that in *Cleary* v. *City R. R. Co.*, 76 Cal. 240, a decision in Department, views were expressed favorable to respondent's contention. The opinion of the *commission* in that case was, however, expressly based on *Beeson* v. *G. M. G. M. Co.*, 57 Cal. 20, and upon, as we have seen, a misunderstanding of that case. There appears to have been no petition for a hearing in Bank. It was stated in that case that there could be a recovery for the " mental anguish and suffering of the parents "; but we have been referred to no other case that holds such doctrine. Certainly it was not so held in the Beeson case. But entirely contrary views were expressed in the latest decision of this court on the subject. (*Munro* v. *Dredging Co.*, 84 Cal. 515; 18 Am. St. Rep. 248.) In that case, — which was for the death of an adult son, — the lower court had instructed that the jury in estimating the damages might consider " the sorrow, grief, and mental suffering occasioned by his death to his

mother"; and this court held the instruction erroneous, and for that reason reversed the judgment, the court holding that such a rule would afford an " opportunity to run into wild and excessive verdicts." The court said: " We are of opinion that the court erred in including in the instruction the words ' sorrow, grief, and mental suffering occasioned by the death of his son to his mother.' In thus directing the jury the court fell into error. In our opinion, the damage should have been confined to the pecuniary loss suffered by the mother, and the loss of the comfort, society, support, and protection of the deceased. . . . . We have found no case in which damages for sorrow, grief, and mental suffering are allowed under any of the statutes." And further, that the statutory action is a new one, "and not the transfer to the representative of the right of action which the deceased person would have had if he had survived the injury." The case was decided in Bank. Justice Thornton delivered the opinion, which was concurred in by two other justices, and a fourth justice concurred in the judgment, and must therefore have concurred in the one main reason for which the judgment was reversed; he may not have been ready to say that the " comfort and society " of the deceased could be considered. There was only one dissent, but upon what ground does not appear. We think, therefore, that the case is full authority on the main point. At all events, we think that the opinion states the general propositions of law governing the case correctly; although as to one matter it may be misunderstood. The language, " the loss of the comfort, society, support, and protection of the deceased," must be held as having been used within the meaning given to it in *Beeson* v. *G. M. G. M. Co.,* 57 Cal. 20, as hereinbefore stated, — that is, with reference to the value of the life of the deceased, and the pecuniary loss to the plaintiff caused by the death. The said language would not be correct in any other sense. But in the case at bar the jury were not confined by the instructions to pecuniary loss or any other kind of loss; they were given

wide range to run into any wild and excessive verdict which their caprice might suggest.

We do not think that the complaint is defective because it does not specially aver the loss of the services of the deceased; that was a natural and necessary sequence of the death. It was not special damage necessary to be averred.

There is nothing in the point made by respondent that the answer was not verified. Upon that point the court ruled in favor of defendant; and plaintiff is not appealing.

The judgment and order appealed from are reversed, and a new trial ordered.

SHARPSTEIN, J., concurred.

DE HAVEN, J., concurring. — I concur in the judgment. The measure of damages in actions by a parent for the death of a child, when the facts are not such as to warrant exemplary damages, is correctly stated in section 763 of Shearman and Redfield on Negligence, as follows: "The damages recoverable by a husband, parent, or master for a negligent injury to the person of his wife, child, or servant are strictly limited to an amount fully compensatory for the consequent loss of service for a period not exceeding the minority of the child, or the term of service of a servant, and the expenses which the plaintiff has incurred in consequence of the injury, such as for surgical attendance, nursing, and the like."

The sixth instruction given upon the request of plaintiff, to the effect that " in estimating the damage sustained by her the jury is not limited by the actual pecuniary injury sustained by her by reason of the death of her child, but such damages may be given as under all the circumstances of the case may be just," is contrary to this rule, and was erroneous. The object of section 376 of the Code of Civil Procedure is not to give redress or compensation for the mental distress of a mother, consequent upon the death of her child. The general language of

section 377 of the Code of Civil Procodure, that in actions of this character, "such damages may be given as under all the circumstances of the case may be just," is used with reference to the fact that the damages which are allowed to be recovered by sections 376 and 377 of the Code of Civil Procedure are, with the exception of the expenses incurred by the plaintiff in consequence of the injury resulting in the death for which they are claimed, prospective in their nature, relating as they do to the loss of future service, and necessarily based upon probabilities, and upon data which in many respects are uncertain, and therefore the estimate of such damages must necessarily call for the exercise of a very large discretion upon the part of the jury; and all that is meant by the language quoted is, that the jury shall, in view of all the circumstances of the case, and considering also the age and the ability of the deceased to serve the relative for whose benefit the action is brought, give such damages as they shall deem just, keeping in view that such damages are to be measured by what shall fairly seem the pecuniary injury or loss to the plaintiff.

Hearing in Bank denied.