## Smith v. Chicago, Mil. & St. P. Ry. Co.

1.   In an action under the provisions of section 5499, Comp. Laws, brought by a father, as administrator of the estate of his deceased son, who was of age, and who left no widow or child, and who was killed by the negligence of a railroad company, the father, if entitled to recover at all, was only entitled to recover such pecuniary damages as he sustained as such father (he being the only heir); and the charge of the court so instructing the jury, was not erroneous.

2.   When, in such action, the only evidence as to the damage sustained by the father was that he (the father) was 64 years of age; that his son, at the time of his death, was over 28 years of age; that he had lived with the father since he attained his majority, except one year; and that he was strong, healthy, and a good laborer,—a verdict for nominal damages only will not be disturbed in this court on appeal.

(Syllabus by the Court.  Opinion filed April 13, 1895.)

Appeal from circuit court, Moody county.    Hon. Frank R. Aikens, Judge.

Action to recover for the death of deceased.    From a judgment for plaintiff for one dollar, he appeals.    Affirmed.

The facts are stated in the opinion.

*Lynn & Sullivan, Palmer & Rogde,* and *F. E. Gill,* for appellant.

A railroad is negligent where it leaves a car upon a side track in such a manner that it is blown by the wind upon the main track to the injury of some person. Webster v. Railroad, 115 N. Y. 112; Breen v. Railroad, 109 N. Y. 297; Seybolt v. Railroad, 95 N. Y. 562. When the injuries complained of can be traced to negligence on the part of the railway as their primary cause, the concurring negligence of some other person unconnected with the railway will not relieve it of responsibility. Smith v. Railroad, 18 Am. and Eng. R. R. Cases 276.

The statute of this state gives a right of action to the widow, heir or personal representative of a person killed for damages, without a showing of dependence upon deceased for support. City v. John Major, 18 Ill. 349; Brennan v. Molly Gibson Co., 44 F. 795; Railroad v. Morris, 26 Ill. 400; Ottawa v. Walker, 21 Ill. 606; Oldfield v. Railroad, 3 E. D. Smith 103. It is a fundamental rule of law to give fair and just compensation when no other rule is prescribed in the statute. Houghkirk v. President, 92 N. Y. 220; Tilley v. Railroad, 29 N. Y. 252; Ihl v. Railroad, 47 N. Y. 317; Ewing v. Railroad, 38 Wis. 615; 9 S. 335.

*Winsor & Kittredge* and *H. H. Field ( G. P. Cary,* of counsel) for respondent.

Under our statute all the damages that may be recovered for the killing of a person are the pecuniary damages suffered by the plaintiff on account of the death. Railroad v. Swain, 26 Ind. 477; Railroad v. Rush, 127 Ind. 545; 26 N. E. 1010; Morgan v. So. Pac., 30 Pac. 603; Hutchins v. Railroad, 44 Minn. 5; VanBrandt v. Railroad, 44 N. W. 321; Cherokee v. Limb, 28 Pac. 181; Fordyce v. McCants, 11 S. W. 694; Donaldson v. Railroad, 18 Iowa 290; Hall v. Railroad, 39 Fed. 1822; Howard v. Delaware, 40 Fed. 195. Before the plaintiff can recover damages on account of the death of deceased, it is necessary for him to prove the pecuniary injury to him on account of the de-

struction of the life.    Failing in this, the most that he can re-
cover is nominal damages.    Fordyce v. McCants, 51 Ark. 509;
11 S. W. 694; Railroad v. Limb, 28 Pac. 181; Wimst v. Rail-
road, 11 S. W. 907.

A new trial will not be granted merely to allow the plain-
tiff to receive nominal damages.    O'Malley v. Railroad, 30 Ill.
App. 309; Hubbard v. City, 64 Ia. 245; Mecklen v. Blake, 22
Wis. 68.

CORSON, P. J.    On the night of May 6, 1889, one Fred A.
Smith, an unmarried man, about 28 years of age, while acting
as breakman on defendant's railway, was killed in the collision
between the freight train on which he was employed, as break-
man, and an empty freight car, that had, from some cause, left
a side track and run onto the main track, and which, it is al-
leged, was negligently left upon said side track, improperly
and negligently secured.    The said Fred A. Smith left no
widow or children, but a father, William B. Smith, who took
out letters of administration upon his estate, and brings this ac-
tion as such administrator, to recover the sum of $20,000, as
damages caused the estate by his death.

The complaint is in the usual form, and the answer is, in
effect, a general denial, except as to the due incorporation of
the defendant, which is admitted.    The only allegation in the
complaint necessary to be specially referred to is the follow-
ing:    "That deceased died insolvent, and left unliquidated
debts and claims against his estate, and left surviving him an
aged father and mother, largely dependent upon him for sup-
port."    There is only one question presented by the record in
this case for our consideration, and that is as to the measure of
damages that the plaintiff was entitled to recover.    The only
evidence upon the subject of damages was that given by the
plaintiff, and was, in substance, as follows:    That he was the
father of the deceased, and was 64 years of age; that his son,
the deceased, was, at the time of his death, of the age of 28

years and 6 months; that deceased had lived with plaintiff, except about one year that he was absent in Montana; that physically deceased was strong and healthy—a good laborer, and that at the time of his death he owed debts (amount not stated).

We shall assume, for the purposes of this decision, without deciding, that the action was properly brought by the plaintiff, as administrator, and that he was the only party beneficially interested in the verdict and judgment, as no objection to the form of the action was made by the defendant and respondent, and the plaintiff and appellant cannot be heard to question the regularity of his own proceeding in this court. We deem it necessary to make this statement, that it may not be assumed that we have decided that the action was properly brought in the name of the administrator, or can be maintained by a father as heir or administrator, when there is no widow or children.

This action was brought under the provisions of section 5499 of the Compiled Laws, which reads as follows: "If the life of any person or persons is lost or destroyed by the neglect, carelessness, or unskillfulness of another person or persons, company or companies, corporation or corporations, their or his agents, servants or employes, then the widow, heir, or personal representatives of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover damages for the loss or destruction of the life aforesaid." The court, in its charge to the jury, after reading to them the foregoing section, instructed them as follows: "That is, for the loss which has been occasioned to those who are dependant upon the deceased person,— the pecuniary loss which they have suffered by reason of his being taken away. At common law, which is the law known as the law distinguished from the statute of a state, no one could recover for the death of a person that was caused by negligence, for the reason that an action of that character—an action for tort or wrong and negligence is of that character—did not survive the person that was killed, and it was only under

the statute that a recovery, under any circumstances, can be had. And I say to you, gentlemen, that it is the construction to be placed upon that statute that, in case the plaintiff in this action is entitled to recover, he can only recover for the loss that he himself (he being the sole surviving heir of the deceased person) has actually sustained by reason of the taking away of his son; that is, the pecuniary loss,—what has it taken away from him by way of support, if anything?" This portion of the charge was duly excepted to, and fairly presents the question as to the measure of damages in this class of cases. The learned counsel for the appellant contend that the plaintiff was not limited to such pecuniary damages only as he might be able to prove, but that, when it was shown that he was the father and the only heir, he was entitled to recover such damages as the jury might, in view of all the circumstances of the case, deem proper to give, taking into consideration the robust health, age, and industry of the young man, and the fact that the father had a reasonable expectation of pecuniary advantage, had the young man remained alive. The learned counsel for the respondent insist that the charge of the court was absolutely correct, and is sustained by the weight of authority, and that the verdict of the jury, under the evidence, could not have been other than it was.

In discussing the question involved in this case, it will be necessary to call attention to the fact that, as the section we have quoted originally stood in the Code of Civil Procedure, the word "damages," in the last line, was preceded by the word "punitive," so that the section (677) originally read, "and recover punitive damages for the loss," etc. In 1887 the word "punitive" was stricken out. Section 1, c. 27, Laws 1887. This is an important fact, as showing the intention of the legislature to change the rule allowing a recovery for "punitive," exemplary or vindictive damages, and to limit parties to a recovery for actual or compensatory damages only. In view of this action by our state legislature, in striking out the word "puni-

tive" from the section, we think we are fully justified in hold-
ing that a party, under this section, can only recover actual or
compensatory damages.    The action is a new one given by the
statute, and is in no sense a continuation of the right vested in
the diseased in his lifetime.    With his death his right to dam-
ages terminated, and the right did not survive as a part of his
estate.    The action given to the widow, heir, or personal rep-
resentative is given to enable them to recover such damages as
will compensate them for the loss of the life of the deceased,
and not as a punishment to the defendant for its negligence. As
often stated, the widow and heirs of persons whose lives have
been lost by the negligence of others, at common law, were not
permitted to recover for the loss of the life thus lost.    How-
ever great that loss might be to widow, children or heirs, the
common law afforded them no relief.    To remedy this apparent
defect in the common law, the legislatures of most of the states
have provided that actions might be maintained by certain rela-
tives, to recover such damages as they have sustained in the
loss of the life of one by whose death they have sustained
actual pecuniary damages.    Belding v. Railroad Co. (S. D.) 53
N. W. 750.    The rule of damages governing this class of cases
is very clearly stated by Mr. Justice Mitchell in the recent case
of Hutchins v. Railroad Co., 44 Minn. 5, 46 N. W. 79.    In that
case the court says:    "There is nothing better settled than that
the principle on which damages are to be assessed under these
statutes is that of pecuniary loss, and not as a *solatium*.    No
compensation can be given for wounded feelings, or loss of com-
fort and companionship of a relative, nor for the pain and suf-
fering of the deceased. The true and only test is, what sum will
compensate the next of kin for the pecuniary loss sustained by
them by the death of the deceased?    Or, in other words, what,
in view of all the facts and circumstances in evidence, was the
probable pecuniary interest of the beneficiaries in the continu-
ance of the life of the deceased?    *   *   *    But, as already re-
marked, the damages, under the statute, are wholly compen-

satory for pecuniary loss and exclude all punitive or exemplary elements, as well as all solace for loss of society, or compensation for the injured feelings of the survivors, or the suffering of the deceased." The supreme court of California, in the well-considered case of Morgan v. Southern Pac. Co. (decided in 1892) 95 Cal. 510, 30 Pac. 603, thus states the rule of damages in this class of cases. "An action to recover damages for the death of a relative was not known to the common law. It is of recent legislative origin. There are statutes in many of the American states providing for such an action, and it has been quite uniformly held that in such an action the plaintiff does not represent the right of action which the deceased would have had if the latter had survived the injury, but can recover only for the pecuniary loss suffered by the plaintiff on account of the death of the relative; that sorrow and mental anguish caused by the death are not elements of damage; and that nothing can be recovered as a *solatium* for wounded feelings. The authorities outside of this state are almost unanimous to the point above stated. The following are a few of such authorities: Railroad Co. v. Vandever, 36 Pa. St. 298; Iron Co. v. Rupp, 100 Pa. St 98; Railroad Co. v. Freeman, 36 Ark. 41; Railroad Co. v. Brown, 26 Kan. 443; Pennsylvania Co. v. Lilly, 73 Ind. 252; Donaldson v. Railroad Co., 18 Iowa, 280; Railroad Co. v. Paulk, 24 Ga. 356; Railroad Co. v. Miller, 2 Colo. 466; Kesler v. Smith, 66 N. C. 154; March v. Walker, 48 Tex. 372; Railroad Co. v. Levy, 59 Tex. 563; James v. Cristy, 18 Mo. 162; Hyatt v. Adams, 16 Mich. 180; City of Chicago v. Major, 18 Ill. 349; Railroad Co. v: Delaney, 82 Ill. 198; Blake v. Railroad Co., 18 Q. B. 93." And in the late case of Van Brunt v. Railroad Co., 78 Mich. 530, 44 N. W. 323, the supreme court of Michigan says: "We have always held in these actions—although it may be, as claimed by plaintiff's counsel, that the difference between the two sections 3392 and 8314 has never been specially called to our attention before—that the damage must 'be based upon well defined facts or known circumstances in the case,—such

facts as are susceptible of some proof under the well-settled rules governing the admissibility of testimony,—and that the damages must be given in reference to pecuniary injury, and that any injuries which are not susceptible of being compensated by a money consideration must be excluded as elements to be taken into consideration by the jury in determining the amount of damages in this class of cases * * * In this case the proof showed no person pecuniarily injured by the death of plaintiff's intestate. No action lies, in this case, out of the mere relation of father and child. The father was in no way injured by the loss of his son's earnings, or deprived of any reliance for his own support. Clinton v. Laning, 61 Mich. 359, 28 N. W. 125. The circuit judge was correct in taking the case from the jury for the reason assigned by him."

It will be noticed that in the above case the facts were quite similar, and in fact almost identical, to those in the case at bar, and that the granting of a nonsuit by the trial court was affirmed. It will have been observed in the case at bar, that substantially the only fact upon which the plaintiff relies to recover is the fact that he is the father of the deceased. It did not appear that since his son came of age he had contributed one dollar to the support of his father, or that his father had any reason to expect that he would contribute anything in the future. The plaintiff therefore showed no pecuniary loss for which he could recover. In the quite analogous case of Coal Co. v. Limb, 47 Kan. 469, 28 Pac. 181, the supreme court of Kansas says: "It is contended that the verdict is excessive, and unsupported by testimony showing that the next of kin sustained pecuniary loss by the death of Daniel Limb. In this respect there is a fatal lack of testimony. It is not shown that the parents of the deceased ever received any support from him nor were they dependent upon him to any extent, for support or assistance. Neither is there any evidence in the record to show their pecuniary condition. * * * This is an action for compensation only, and no damages can be re-

covered by the plaintiff below, except for the pecuniary loss which the parents sustained by the death of the son. The burden was on the administrator to show that loss occurred. If there was no evidence that his life had been of actual benefit to the parents, or that any benefits might be reasonably expected by the continuance of his life, then no more than nominal damages could be recovered. Railroad Co. v. Weber, 33 Kan. 543, 6 Pac. 877. There must have been evidence either of actual benefits, or those in expectation, before the jury can give substantial damages; and an attempt to assess such damages without proof would be to indulge in mere conjecture, which is not permissible." And in Fordyce v. McCants, 51 Ark. 509, 11 S. W. 694, the supreme court of Arkansas says: "In this case the plaintiff can recover substantial damages for the father of the deceased only by showing that deceased gave assistance to his father, contributed money to his support, or that the father had reasonable expectations of pecuniary benefits from the continued life of his son, the reasonable character of this expectation to appear from the facts in proof. These should furnish the measure of damages. In the absence of such proof, only nominal damages can be recovered." It will be seen from these decisions that the charge of the circuit court was clearly correct, and that the verdict of the jury was the only verdict that they could have properly found, under the evidence.

Our attention has been called to only one case that holds a contrary doctrine. That is Railroad Co. v. Barron, 5 Wall, 90. But that case stands entirely alone, and, for some reason, no reference seems to have been made to it in any of the late cases cited. In Illinois, in which state that case arose, and in which it was tried in the United States circuit court does not follow the doctrine of the Barron Case. In the case of the City of Chicago v. Scholten, 75 Ill. 468 (decided eight years after the Barron Case), the supreme court of that state says: "Where the next of kin are collateral kindred of the deceased, and

have not received pecuniary aid from him, proof of such relationship would warrant a recovery of nominal damages only; but where the deceased is a minor, and leaves a father entitled to his services, the law presumes there has been a pecuniary loss, for which compensation, under the statute, may be given. In such case the pecuniary loss may be estimated from the facts proven, in connection with the knowledge and experience possessed by all persons in relation to matters of common observation." We have examined the other cases cited by appellant's counsel, and find that all, or nearly all, are cases of the death of minor children. In such cases, as we have seen, from the the case cited from 75 Ill. *supra*, a different rule governs, and properly so. See, also, Railroad Co. v. Delaney, 82 Ill. 198. If, in the case at bar, the son had been a minor, the father would have had a legal right to his services during his minority; but after his majority no such legal right existed, and the benefits thereafter would depend upon the capability of the son and his disposition, to confer benefits upon his father. No such disposition being shown in this case by proof that he had ever contributed anything, since he became of age, to his father's support, the jury could not have found that the father suffered any pecuniary damage from the loss of his son. The charge of the court, the verdict, and judgment of the trial court being, in our opinion, clearly right, the judgment of the circuit court is affirmed. All the judges concur.