VOGELGESANG, Respondent, v. FARMERS' STATE BANK, Appellant.

(223 N. W. 831.)

(File No. 6462. Opinion filed February 21, 1929.

*Willy & Dwyer,* of Platte, for Appellant.

*J. E. Tipton,* of Lake Andes, and *Fred A. Lynch,* of Platte, for Respondent.

POLLEY, J.   The defendant in this action is a banking corporation carrying on a general banking business at Platte.   Plaintiff had deposited money in said bank, and on the 18th day of November, 1925, had $1,525 in an open account in said bank.   This money was the proceeds of certain hogs that had been sold by plaintiff. On the 27th day of said month plaintiff issued a check on said bank for $1,525.   The check was presented to defendant for payment, but payment thereon was refused.   The ground for such refusal was that defendant claimed that the hogs sold by plaintiff were the property of A. L. Vogelgesang, who was plaintiff's father; that A. L. Vogelgesang was heavily indebted to defendant; and that it had a right to apply said money on A. L. Vogelgesang's debt.

After the refusal to pay said check, plaintiff made a demand for the money, which demand was refused, and the plaintiff brought this suit for the recovery of the same.   The case was tried to a jury.   At the close of the evidence the court, upon plaintiff's motion, directed a verdict for the plaintiff.

Judgment was entered for plaintiff upon said verdict, and defendant appeals.

The facts upon which defendant bases its claim are as follows:

A. L. Vogelgesang was then, and for several years prior thereto had been, operating a large farm a short distance from Platte.

Plaintiff, with the exception of certain occasions when he had worked out among the neighbors, had always lived at home and had assisted his father with the work on said farm. The hogs that had been sold by plaintiff had been raised on the farm with other hogs, admittedly the property of A. L. Vogelgesang. But to rebut any inference that might be deduced from the above circumstances, plaintiff showed that he was 23 years old; that he had worked out some for wages; that beginning some time in 1923 he had purchased one or more brood sows occasionally—these sows had been bred and increased in number until in the fall of 1925 he had 57 head of hogs. He had kept these hogs marked so that they could be distinguished from his father's hogs, and for a part of the time at least had kept them separate from his father's hogs. In the spring of 1925, plaintiff had decided to leave home and go out and work for himself, but as an inducement to keep him home, his father told him that if he would stay at home and continue to help with the farm work, he might have sufficient feed to feed and fatten his said hogs. This arrangement was carried out, and it was the hogs that were so fed and fattened that had been sold by plaintiff for which he received the money involved in this controversy.

Appellant contends that the court erred in overruling its objection to the introduction of any evidence on the part of plaintiff upon the ground that the complaint does not state facts sufficient to constitute a cause of action. We find no such objection in the record; but, if it was made, it was properly overruled, as the complaint does state a cause of action.

■ On the trial the plaintiff was asked this question: "What other property did you have at that time, Conrad?" This was objected to as irrelevant, immaterial, and not within the issues. The objection was sustained and error assigned. We fail to see how this was material to any issue in the case. A number of other assignments are predicated upon the exclusion of certain questions put to the plaintiff while on the witness stand, but we are unable to see how any such questions were material to the issue, or how the defendant was in any manner prejudiced.

■■ While the plaintiff's father, A. L. Vogelgesang, was on the witness stand, defendant asked this question: "And isn't it a fact that about a week or ten days prior to your taking bankruptcy, that your son, Conrad, took about sixty head of hogs from your

farm and took them into town and sold them and appropriated the proceeds to himself?" Certainly, defendant could not have been prejudiced by the exclusion of that question. Plaintiff alleged in his complaint that he had sold these hogs and had deposited the proceeds thereof in the bank in his own name and defendant had admitted such allegation in its answer. Again, error is predicated upon the court's refusal to permit A. L. Vogelgesang to answer the following question: "Isn't it a fact you listed as your property all of the hogs on your farm?" This was objected to on the ground, among others, as not the best evidence. This question probably has reference to the listing of the property for assessment. If so, then the list given to the assessor was the best evidence.

We find no prejudicial error in this record, and the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and BROWN, J., concur.
CAMPBELL and BURCH, JJ., concur in result.