SIMONS, Appellant, v. KIDD, Respondent

(42 N. W.2d 307)

(File No. 9114. Opinion filed April 11, 1950)

**Tom Kirby, Blaine Simons, J. Gene McDonnell,** Sioux Falls, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent.

ROBERTS, J. This action was brought to recover damages for the alleged wrongful death of Beverly Sanna Knight, who left surviving as next of kin her father and mother, Asben P. Devick and Anna Devick, for whose benefit this action was brought pursuant to the provisions of SDC 37.22. It is alleged that death was caused by the negligence of the defendant in operating his automobile on a public highway. The jury returned a verdict in favor of the defendant and from the judgment entered on such verdict plaintiff appeals.

Defendant filed an amended answer wherein he admits for the purposes of this action "that he is legally liable for the death of Beverly Sanna Knight which occurred about October 27, 1948 in the City of Sioux Falls, South Dakota and further that the said Beverly Sanna Knight was approximately 26 years of age at said time, and that she was fatally injured about October 23, 1948 in Lincoln County, South Dakota by reason of the negligence of the defendant; however, the defendant denies that the parents of said deceased have been damaged in the sum of Ten Thousand Dollars ($10,000) and the defendant demands that the plaintiff prove the amount of damages, if any, sustained by the parents of the deceased."

The questions presented here for decision are whether the admission of liability deprived plaintiff of the privilege of making a statement to the jury and of introducing evidence as to the circumstances of the accident and whether the evidence justified the jury in finding that the parents sustained no damages resulting from the death of their daughter.

The manner in which the accident occurred had no bearing upon the amount of damages to be awarded. In an action for personal injuries, a situation might arise where the force of the impact and the surrounding circumstances indicating the degree of violence would have a bearing on

the issue of damages. See Johnson v. McRee, 66 Cal.App.2d 524, 152 P.2d 526. But we are not here concerned with the effect of an admission in such a case and there is no claim that the admission of liability is ambiguous or limited in scope.

■■ There is a conflict in the authorities as to whether a trial court within its discretion may permit the introduction of evidence of a fact admitted by answer to be true. A full discussion of the point and review of the authorities may be found in a recent decision, similar in many respects to the case before us, entitled Fuentes v. Tucker, 31 Cal.2d 1, 187 P.2d 752. We are not confronted, however, with the problem whether the trial court would have erred in allowing the introduction of such evidence. The function of pleading is to inform the court and the parties of the facts in issue and no evidence is required to establish a fact conceded by answer. It seems clear that the court was not bound to admit such evidence. Vogelgesang v. Farmers State Bank, 54 S.D. 575, 223 N.W. 831; cf. First Nat. Bank of Wheaton, Minn., v. Miller, 28 S.D. 333, 133 N.W. 264.

■ ■ SDC 37.2203, as amended by Chapter 173, Laws 1947, provides that the jury in an action for wrongful death "may give such damages, not exceeding in any case ten thousand dollars as they may think proportionate to all injury resulting from such death to the persons respectively for whose benefit such action shall be brought." The word "injury" in this statute was originally preceded by the words "the pecuniary". These words were struck out by the 1947 amendment and the word "all" inserted. The wrongful death statute has been construed as granting a new and independent cause of action and not a survival of an action in tort for personal injury or a continuance of that which a decedent could have asserted had he lived. Simons v. Kidd, 73 S.D. 41, 41 N.W.2d 840, and cases cited. It created a right of action in the statutory beneficiaries to recover only such damages as would compensate them for the pecuniary loss suffered because of the death. There could be no recovery for mental anguish, bereavement or loss of companionship. Bottum v. Kamen, 43 S.D. 498, 180 N.W. 948; Smith v Presentation Academy of Aberdeen, 61

S.D. 323, 248 N.W. 762; Tufty v. Sioux Transit Co., 69 S.D. 368, 10 N.W.2d 767; Hodkinson v. Parker, 70 S.D. 272, 16 N.W.2d 924. The elements of recoverable damage have been the subject of much litigation and divergent holdings. Under a former statute permitting recovery of "damages", this court held that the statute had reference to pecuniary loss. Smith v. Chicago M. & St. Paul Ry. Co., 6 S.D. 583, 62 N.W. 967, 28 L.R.A. 573. The Lord Campbell's Act provided that the jury "may give such damages as they think proportioned to the injury resulting from such death." The courts of England declared that the right of recovery thereunder was confined to compensation for pecuniary loss only. Dalton v. S. E. R. Co., 140 English Reprint 1098. A contrary view obtains in some jurisdictions under similar statutory provisions. Mental anguish and the like are regarded as proper elements of damage. This phase of the law is exhaustively reviewed in an annotation in 74 A.L.R. 11. It is unnecessary here to ascertain the legislative intent and determine the extent of losses recoverable under the 1947 amendment. There was no challenge by appellant to the court's instructions stating the legal principles applicable and the elements to be considered in fixing the amount of damages. We shall assume for the purposes of decision their correctness. The question for consideration is plaintiff's claim that the parents of the deceased "suffered damage and a verdict which says that they did not is contrary to the law as given by the court and the undisputed evidence."

The court's instructions to the jury included the following: "If you find that the plaintiff is entitled to recover damages from the defendant under the evidence and these instructions, you may give such damages, not exceeding $10,000.00, as you find proportionate to all injury resulting from the death of said Beverly Sanna Knight to her said parents, and in that connection, you may take into consideration in fixing the amount of damages, any mental suffering, loss of health, loss of companionship of the deceased, loss of counsel and advice, and loss of aid and assistance, if any, which you may find from the evidence were suffered by the parents as the direct result of the death of their said

daughter, and which you find have a monetary value. In this connection, you are instructed that should you find a verdict in favor of the plaintiff, the verdict at all times should be fair, reasonable and just."

■ ■ The general rule in tort actions is that the question of the amount of damages is one peculiarly within the province of the jury. There is no fixed standard as in the cases of contract. This is particularly true in fixing the value of a human life. The amount of compensation to be recovered must necessarily depend to quite an extent upon the judgment of the jury. Our decisions are to the effect that the verdict of the jury will not be set aside except in extreme cases as where it is the result of passion or prejudice or the jury has palpably mistaken the rules of law by which damages in the particular case were to be measured. Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700.

■ ■ The court charged the jury that they could take into consideration the loss of aid and assistance. The court had reference to the value of financial assistance and future services that the parents could reasonably have expected if their daughter had lived. The expectation must be based upon facts and is not implied from the relationship. Smith v. Chicago M. & St. Paul Ry. Co., supra, was an action by the father to recover damages for the wrongful death of an adult son. This court there said [6 S.D. 583, 62 N.W. 969]: "It will have been observed in the case at bar, that substantially the only fact upon which the plaintiff relies to recover is the fact that he is the father of the deceased. It did not appear that since his son came of age he had contributed one dollar to the support of his father, or that his father had any reason to expect that he would contribute anything in the future. The plaintiff therefore showed no pecuniary loss for which he could recover." And in that case this court quoted with approval from Cherokee & P. Coal & Min. Co. v. Limb, 47 Kan. 469, 28 P. 181, as follows: "The burden was on the administrator to show that loss occurred. If there was no evidence that his life had been of actual benefit to the parents, or that any benefits might be reasonably expected by the continuance of his life, then no more than nominal damages could be recovered." It does

not appear that decedent possessed any property or was gainfully employed. The financial condition of the parents does not appear from the record. An adult child is not required to contribute services or earnings to the support of parents if they are not in need. Hodkinson v. Parker, supra. The jury could reasonably have concluded that the daughter would not have bestowed upon her parents financial assistance or have rendered personal services of substanial value had she lived. There is likewise no evidence tending to show that because of ability and experience decedent had become qualified to advise and counsel her parents and that they had reasonable expectation of such benefit had the life of their daughter continued.

 Mrs. Devick testified that her health prior to the death of her daughter was good, "but afterwards it hasn't been". Two physicians who examined her testified, in substance, that she had a tremor of the head and of the right arm. They testified that the condition could have resulted from shock. According to the opinion of one of these witnesses, her condition resulted from hysteria which could be caused "by any unpleasant situation that would develop in her life" and "it could be such a thing as the death of her daughter". The most that plaintiff established was the possibility of a causal relation between the death and the mother's condition. That such result was conceivable or possible did not require the jury to give controlling effect thereto. 20 Am.Jur., Evidence, § 1208; Annotation: 135 A. L. R. 516.

 The mental anguish and the loss of companionship susceptible of monetary valuation were under the court's instructions proper elements to be considered in estimating the damages sustained by the parents. It is implied from the holding of this court in Whaley v. Vidal, 27 S.D. 627, 132 N.W. 242, 248, an action by minor children to recover damages for the wrongful death of their father, that the loss of companionship may constitute a compensable injury. This court said: "It will thus be seen that the deceased not only might reasonably be expected to have added considerably to his means that he would have to leave to his children had he lived, but that by his care and influence

over the children, his life would have been valuable to them." There was no attempt in the instant case, and no doubt it would not have been possible, to show monetary values. No recovery because of mental anguish and loss of companionship can be allowed upon the basis of a possbile monetary loss arising from circumstances which do not appear from the record. The sudden and violent death of the daughter was to her parents most painful and grievous and, without doubt, had she lived, her companionship would have added much to their enjoyment and comfort. In that respect, her life was inestimable. We do not find it necessary to decide, but in certain jurisdictions permitting recovery of damages for sentimental losses the jury has absolute control over the amount of damages, within the limit fixed by statute, and courts have no authority to disturb its findings. Turner v. Norfolk & W. R. Co., 40 W. Va. 675, 22 S.E. 83; Harris v. Royer, 165 Va. 461, 182 S.E. 276. The evidence under the court's instructions authorized the verdict and the trial court did not err in overruling motion for new trial.

The judgment appealed from is affirmed.

All the Judges concur.