# GREEN et al. v. SOUTHERN CALIFORNIA RAILWAY COMPANY.*

## L. A. No. 950; December 18, 1901.

### 67 Pac. 4.

**Death of Married Woman—Damages—Loss of Society.**—In an action for the death of a married woman, her husband and children were entitled to recover as damages all pecuniary loss suffered by them from the loss of society and protection of the deceased.[1]

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Action for damages for death of Mary Green by F. L. Green and others against the Southern California Railway Company. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

C. N. Sterry and Henry J. Stevens for appellant; J. P. Hight and L. M. Sprecher for respondents.

GAROUTTE, J.—This action is brought to recover damages for the death of Mary Green, who, in attempting to cross the railroad track in a wagon at C street, in the city of San Bernardino, was killed by a locomotive of defendant. Her mother, Mrs. Betsey Warren, who was with her at the time, was also injured in the accident. She brought an action for damages against defendant and recovered. An appeal was taken to this court, and the judgment and order denying a motion for a new trial affirmed: Warren v. South-

---

*For subsequent opinion in bank, see 138 Cal. 1, 70 Pac. 926.

[1] Cited and followed in Mize v. Rocky Mountain Bell Telephone Co., 38 Mont. 535, 129 Am. St. Rep. 659, 100 Pac. 974, as construing a statute of California similar in all material respects to one of Montana on the subject of the measure of damages.

Cited and followed, along with cases from other states, in St. Louis & S. F. R. Co. v. Moore (Miss.), 58 South. 474, where the court says that, although the weight of authority, English and American, is against making the loss of the society, etc., of the deceased an element of damage, the principle rests in every case upon some statute excluding it.

ern Cal. Ry. Co. (L. A. 951; opinion filed this day), ante, p. 835, 67 Pac. 1. The facts are there fully set forth, and nearly all of the questions of law raised by this record are there decided. For that reason they will not be again discussed, but the legal principles laid down in that decision are hereby approved.

Complaint is made of the action of the court in declining to instruct the jury that it was the duty of Mrs. Green, under the facts of the case, to stop and listen for an approaching train. In certain cases the facts are so peculiar unto themselves that it may be said, as matter of law, a person should stop and listen before attempting to cross a railroad track. But the doctrine has not been given wide latitude in this state, and the facts must be exceptional to demand its application. This doctrine is exemplified by the text of the learned author upon whom appellant relies, where we find the following language: "As we have said, we do not think that it can justly be affirmed, as matter of law, that there is a duty to stop in all cases; but we do not think that the duty exists in cases where there is an obstruction to sight or hearing, and that, where the surroundings are such that but one conclusion can be reasonably drawn, and that conclusion is that it is negligence to proceed without halting, the court should without hesitation direct a verdict, if no halt is made. In the majority of cases, however, the question is one of fact, rather than of law": 3 Elliott on Railroads, pars. 1166, 1167. The facts of the case at bar were sufficient upon this point to justify the action of the court in refusing a nonsuit.

The instruction which stated that plaintiffs were entitled to recover as damages all pecuniary loss suffered by them from the loss of society, protection, etc., of the deceased, was properly given: Wales v. Pacific etc. Motor Co., 130 Cal. 521, 62 Pac. 932, 1120. In an action for damages brought by the father and children for the death of the wife and mother, for the purpose of fixing the amount of damages suffered, evidence will be allowed by the court to take a wide scope as to the habits, the health, the temperament, the intelligence, the education, the affection, etc., of the deceased; and in this case the trial court did not go beyond

the law in the character of examination allowed: Redfield v. Oakland etc. Ry. Co., 110 Cal. 277, 42 Pac. 822.

For the foregoing reasons the judgment and order are affirmed.

We concur: Harrison, J.; Van Dyke, J.