Matthias, J.
This action is based upon the provisions of and is authorized by Sections 10770 and 10772, General Code. Such action did not fie at common law. “By the common law all right of action for personal injury, whether it be the cause of death or not, is extinguished by the death of the injured party; the cause of action dies with the person entitled to sue. # # * The common-law rule has been abrogated by statutes in all or nearly all the states of the Union as well as in England. These provide that compensation may be recovered for the injury or pecuniary loss resulting from the death of a person, caused by the wrongful act or negligence of another.” (5 Sutherland on Damages [4 ed.], Section 1259.) The statutes of the various states are substantially similar to and generally follow the language of the, English law known as Lord Campbell’s act. We are, therefore, called upon to examine the provisions of the sections of the statute above cited. It is there provided that “When the death of a person is caused by wrongful act, neg *92 lect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued * * * shall be liable to an action for damages, notwithstanding the death of the person injured * * *. Such actions shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death was so caused. It must be brought in the name of the personal-representative of the deceased person and the jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought. ’ ’
It is to be observed that by the provisions of these sections, which authorize the bringing of such an action, the damages recoverable therein are limited to “the pecuniary injury resulting from such death.” Such limitation has been quite generally recognized, and there are few exceptions to the rule, or to the application thereof, that in such cases the only recompense which can be required under the statute is that for pecuniary loss, which is defined in Bouvier’s Law Dictionary as “A loss of money, or something by which money or something of money value may be acquired.” This rule was recognized and applied by the supreme court of Illinois in the ease of Illinois Central Rd. Co. v. Baches, Admr., 55 Ill., 379, where it was held that “In an action under the statute to recover for the death of a person caused by the wrongful act, neglect or default of the defendant, the only question to be determined in estima *93 ting the damages is the pecuniary loss resulting from his death to the widow and next of kin of such deceased person.”
In the statement of this general rule it is said in 5 Sutherland on Damages (4 ed.), Section 1263: “There is almost entire harmony in denying a recovery for the mental suffering of the beneficiaries of the deceased, or as a solatium.” Under the statutes of some states, however, the wounded feelings, mental pain and suffering of the beneficiaries, and loss of comfort, society, etc., may be considered in awarding damages. Under the statutes of other states the word “damages” is not qualified or limited. In those states, however, where the word “damages” is limited by statute by the word “pecuniary” the award cannot go beyond the pecuniary or money loss sustained by the beneficiaries. As further stated by Sutherland in Section 1264: ‘ ‘ The main inquiry is, what is the pecuniary loss to those persons for whose benefit in a particular case the action is brought? What aid or advantage, having a pecuniary value, have these persons lost by reason of the death?”
Among the many decisions of the courts of last resort which may be cited upholding the doctrine above stated are Wales v. Pac. Elec. Motor Co., 130 Cal., 521; Texas & N. O. Rd. Co. v. Green, 42 Tex. Civ. App., 216, and International & G. N. Rd. Co. v. Glover (Tex.), 88 S. W. Rep., 515. The supreme court of the United States has dealt with this question in a number of cases, among them being American Rd. Co. of Porto Rico v. Didricksen, 227 U. S., 145, and Michigan Central Rd. Co. v. Vreeland, 227 U. S., 59. In the former case the court said on page *94 149: “The cause of action which was created in behalf of the injured employe did not survive his death, nor pass to his representatives. But the act, in case of the death of such an employe from his injury, creates a new and distinct right of action for the benefit of the dependent relatives named in the statute. The damages recoverable are limited to such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employe. The damage is limited strictly to the financial loss thus sustained. * * # The loss of the society or companionship of a son is a deprivation not to be measured by any money standard. It is not a pecuniary loss under such a statute as this.” In the latter case the court 'held: “This liability is for pecuniary damage only, and the statute should be construed in this respect as Lord Campbell’s Act has been construed, not as granting a continuance of the right the injured employe had, but as granting a new and independent cause of action.” And the court says at page 71: “A pecuniary loss or damage must be one which can be measured by some standard. It is a term employed judicially, ‘not only to express the character of the loss of the beneficial plaintiff which is the foundation of the recovery, but also to discriminate between a material loss which is susceptible to pecuniary valuation, and that inestimable loss of the society and companionship of the deceased relative upon which, in the nature of things, it is not possible to set a pecuniary valuation.’ ”
The following is the text on this subject in 17 Corpus Juris, page 1333: “The weight of authority is that, where the object of the statute is to permit *95 recovery for the pecuniary loss sustained by reason of death, the loss of a child’s society is not an element which may be considered in estimating the damages recoverable by a parent.” Many cases are there cited supporting the text. In some states, notably California, Idaho and Utah, an effort is made to distinguish between the' pecuniary and sentimental value of such elements as society, comfort and protection, but even there an instruction was held erroneous which was in substance that the measure of damages is not alone the pecuniary loss and injury sustained, but that in assessing damages the jury may in addition take into consideration the loss, if any, in being deprived of the comfort, society and protection of the deceased. (Pepper v. So. Pac. Co., 105 Cal., 389, 401.) And it was further held that it was error to so instruct the jury as to lead them to suppose that they could, on account of deprivation of society and comfort, include something more than pecuniary loss. Harrison, Admr., v. Sutter St. Ry. Co., 116 Cal., 156.
The limitation of recovery in such cases to the pecuniary loss sustained by the beneficiaries has long been recognized and applied in the courts of this state. Steel, Admr., v. Kurtz, 28 Ohio St., 191, and Cincinnati St. Ry. Co. v. Altemeier, Admr., 60 Ohio St., 10.
The right to maintain an action of the character of that involved in this case is conferred by statute,- and the method of bringing the action, as well as the provision specifying those who may share therein as beneficiaries, are both matters of statute, in the absence of which such action could not be maintained. The right conferred is accompanied by the limita *96 tion imposed, and the benefits thereof cannot be secured and enjoyed free from the restrictions and limitations which are a part of the same provision. But it is contended that the adoption of Section 19a, Article I of the Constitution of Ohio of 1912, which provided that ‘ ‘ The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law,” effected a repeal of the statutory limitation in question here, so that the elements other than pecuniary loss may now enter into the consideration of the amount to be awarded beneficiaries in whose behalf such suit may be brought. Originally the statutes to which we have referred, in addition to limiting the recovery to pecuniary loss, also placed a specific limitation as to the amount of recovery, and it was clearly to this last limitation only that the constitutional amendment was directed, for the limitation removed and prohibited is only as to the “amount of damages recoverable.”
We conclude, therefore, that it was not intended to change in any other particular the law previously existing relative to such actions, or to furnish any new or different rule for the guidance of the court. Such was the conclusion announced by the courts of New York in the consideration of the effect of a similar amendment to the constitution of that state some years prior to the adoption of the amendment in this state. The amendment adopted in that state reads: “The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation.” (Section 18, Article I.)
*97 The question was first considered in that state in the case of Medinger v. Brooklyn Heights Rd. Co., 39 N. Y. Supp., 613, in 1896, and later by the same court in the case of Sternfels v. Metropolitan St. Ry. Co., 77 N. Y. Supp., 309, and those decisions and the rule therein stated have not been reversed or modified, but have since been followed by the courts of that state. In those cases it was held that ‘ ‘ Beyond authorizing the recovery of actual damages sustained in excess of the limit which theretofore prevailed, we do not understand that the framers of the constitution have changed, or intended to change, the law previously existing, in any particular, or that they have furnished or intended to furnish, any new or different rule for the guidance of the court.”
The constitutional amendment in that state was adopted in 1894. Prior thereto a limitation in amount was fixed by statute, which statute provided, substantially as does ours, that the damages to he awarded should be such as the tribunal trying the question of fact “deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent’s death, to the person or persons, for whose benefit the action is brought.” And further considering the effect of the constitutional amendment upon the statute, that court said, in Medinger v. Brooklyn Heights Rd. Co., supra: “By a long course of judicial decisions, uniform in character, this rule has become firmly embedded in the law; and we believe it has been held, without exception, that the damages which the statute contemplates are exclusively pecuniary. * * * The constitutional provision has not changed this rule in the slightest respect.”
*98 The amendment to our constitution contemplates its application to the right of action then and long theretofore existing in our state, and the continuation thereof as clearly as though that language had been incorporated in our amendment. The rule is quite generally the same even in those states where a limitation upon the amount of recovery has never existed, the measure of recovery being the pecuniary loss sustained.
The portion of the charge of the court in question here is as follows: ‘ ‘ The jury may take into account any pecuniary injury from loss of society, comfort and protection which may apply alike to all beneficiaries.” It is urged that this instruction is not prejudicially erroneous when the fact is considered that throughout the charge the court had used the term “pecuniary loss” and “pecuniary injury,” and that in this portion of the charge itself the jury is instructed to take into account only “pecuniary injury. ’ ’ The trial court in passing upon the motion for a new trial stated: “Mere loss of society, comfort and protection, not having any particular value, of course cannot be considered. The court did not instruct the jury that it might award damages for mere loss of society, regardless of the actual pecuniary loss. Of course that would be error.” The vice of this instruction however lies in the fact that it leads the jury to assume, as a matter of course, that the loss of society/ comfort and protection of a child ten years of age is a loss which may be compensated and which, therefore, may be calculated in determining the amount of the verdict, and suggests that they take into consideration elements “upon which, in the nature of things, it is not possible to *99 set a pecuniary valuation.” This instruction coming as it did at the very close of the charge, being the last sentence thereof, would naturally have a compelling and controlling effect upon the jury. I quote with approval the pertinent statement of a well-known jurist: “Let me have the last one hundred words of a charge to the jury and you may have all that precedes them.” It is a matter of great regret that the court must set aside the judgment in this case, in which the record otherwise than in the respect stated is free from error, but the affirmance of this judgment would approve and sanction a radical departure from a rule of damage prescribed by statute, as interpreted and applied by our courts for many years, and might well be regarded as authority by trial courts to go still farther, and also suggest to juries that they might take into consideration many other such elements as mental pain and suffering, or sorrow, bereavement or distress of the beneficiaries.
For the reasons stated the judgment of the court of appeals, reversing- that of the common pleas, must be affirmed.

Judgm&mt affirmed.

Marshall, C. J., Jones and Day, JJ., concur.
Robinson, J., concurs in proposition 1 of the syllabus, but not in the judgment.
Allen, J., concurs in proposition 1 of the syllabus, but dissents from the judgment.
Wanamaker, J., dissents.